

MAY 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARTIN RUBIO-MUNOZ,<br><br>Defendant-Appellant. | No. 15-50292<br><br>D.C. No.<br>3:14-cr-03313-JLS-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARTIN RUBIO-MUNOZ,<br><br>Defendant-Appellant. | No. 15-50293<br><br>D.C. No.<br>3:15-cr-07031-JLS-1 |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 10, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Martin Rubio-Munoz appeals from his conviction after a bench trial for illegal reentry after deportation in violation of 8 U.S.C. § 1326, and the revocation of his supervised release arising from a prior conviction. Rubio argues the district court erred by denying his motion to dismiss the indictment after he collaterally attacked his prior expedited removal orders, alleging a deprivation of due process. "This court reviews de novo a denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on an alleged deprivation of due process in the underlying removal proceedings. The district court's factual findings are reviewed for clear error." *United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1179 (9th Cir. 2015) (citation and internal quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"To sustain a challenge to an indictment (or information) under § 1326, a defendant must demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review';

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and (3) the removal order was 'fundamentally unfair.'" *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (alteration in original) (quoting 8 U.S.C. § 1326(d)). Only the third requirement is at issue here. *See* 8 U.S.C. § 1225(b)(1)(C); *Raya-Vaca*, 771 F.3d at 1202 ("[T]he statute governing expedited removal proceedings afforded Raya-Vaca no opportunity for administrative or judicial review."). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the 'deportation proceeding violate[d] [his] due process rights' and that the violation caused prejudice." *Id.* at 1201–02 (alterations in original) (quoting *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994)).

The district court concluded that Rubio did not meet his burden to establish a due process violation, finding it implausible that the officers interviewing Rubio in two different expedited removal interviews recorded the same wrong answer about any pending petitions. The district court found that the officers properly created records of Rubio's statements, advised Rubio of the charges of removal against him, and reviewed the sworn statement with him. *See* 8 C.F.R. § 235.3(b)(2)(i) (requiring immigration officers conducting expedited removal proceedings to "create a record of the facts of the case and statements made by the alien . . . , have the alien read (or have read to him or her) the statement . . . ,[and] advise the alien

of the charges against him or her”); *see also Raya-Vaca*, 771 F.3d at 1204 (holding that “any failure to inform Raya-Vaca of the charge against him and to provide him the opportunity to review the sworn statement constituted a violation of Raya-Vaca’s due process rights”). Reviewing all the evidence in the record, we conclude the district court did not clearly err by crediting the testimony of the two interviewing officers. *See Easley v. Cromartie*, 532 U.S. 234, 242 (U.S. 2001) (holding that clear error requires a reviewing court be “left with the definite and firm conviction that a mistake has been committed” (citation and internal quotation marks omitted)).

**AFFIRMED.**